Joseph A. Brust, J.
Plaintiff moves for summary judgment and defendant cross-moves for summary judgment dismissing the complaint. Three of plaintiff’s land-based employees were injured in the course of operations at the drydock. They brought suit against plaintiff’s contracting party which, in turn, brought in plaintiff. Eventually the employees recovered judgment *153 which plaintiff’s contractor paid, and it, in turn, received payment from the plaintiff. Such payment with respect to each employee exceeded $25,000.
The insurance contract relations between these parties have existed since 1949. The subject policy is dated May 18, 1958. It is a standard workmen’s compensation and employers’ liability policy. In the basic printed portion of it, Coverage B is employers ’ liability and the limit of liability is $25,000. In dispute is Endorsement III. Because of it plaintiff insists that Coverage B was extended so as to create employers’ liability of $25,000 for each injury and a $75,000 limit in the event of injury to more than one person in any accident. Defendant has made payment of the sum of $25,000 to the plaintiff and the latter insists it is entitled to the payment of a further sum of $50,000. Defendant argues the indorsement does not apply to land-based employees, but exclusively to masters and members of crews of vessels.
At the head of the sheet constituting Endorsement III is the following:
“ Workmen’s Compensation and Employers’ Liability Policy
AMENDMENTS TO COVERAGE B and VOLUNTARY COMPENSATION ENDORSEMENT-MARITIME
(Masters or Members of the Crews of Vessels) ”
That sheet or indorsement makes certain provisions as to both Coverage B and Coverage C. Under Coverage B appears that provision with respect to Coverage B liability limit which plaintiff insists amended and increased the limit as provided in the printed policy form, while defendant contends that paragraph 5 of Coverage B of Endorsement III amending condition 8 of the policy is maritime coverage only and affects exclusively masters and crews.
The heading of Endorsement III quoted above is a heading which relates to Coverage B and C. Coverage B is, as stated, employers’ liability, and the amended liability limitation contained in paragraph 5 of the indorsement is, as stated, an amendment to Coverage B. The heading is in the conjunctive so that the concluding part thereof “ (Masters or Members of the Crews of Vessels) ”, following the word “ maritime ”, qualifies “voluntary compensation endorsement” and cannot be considered to qualify what precedes the word “ and”. Thus, a fair construction of Endorsement III supports plaintiff’s version thereof that Coverage B relates to employers’ liability without any maritime qualification or limit. If it were intended that the larger limitation of liability was to have a maritime applica *154 tion only, not only the language could have been much more precise but the layout of Endorsement III as well. The same conclusion is compelled, in the event any doubt exists concerning the meaning and purport of Endorsement III, by the undisputed fact that to defendant’s knowledge plaintiff never had and does not have a ship’s master or crew save the captain of a small tugboat used by the plaintiff in drydoek operations and only at its drydoek.
The motion is granted and the cross motion is denied.