[L.A. No. 28114. In Bank. Nov. 12, 1965.]

MISSION INSURANCE COMPANY, Plaintiff and Appellant, v. ALFRED LOUIS BROWN et al., Defendants and Respondents.

Kirtland & Packard and Robert L. Wilson for Plaintiff and Appellant.

H. Thomas Ellerby and Henry F. Walker as Amici Curiae on behalf of Plaintiff and Appellant.

Masry, Hartley & David and Edward L. Masry for Defendants and Respondents.

McCOMB, J.—From a judgment in favor of defendants in an action wherein plaintiff insurance company sought a declaration of its rights under an automobile insurance policy, plaintiff appeals.

*Facts*: Defendants, while occupants of a vehicle insured by plaintiff, received personal injuries in a collision with an uninsured vehicle.

The accident occurred in Mexico, within 75 miles of the United States border, on a trip that did not exceed 10 days.

The general policy provisions included the following: "Mexico Coverage—Limited—It is agreed that the coverage provided by this policy is extended to apply while the automobile insured is being used for occasional trips into that part of . . . Mexico lying not more than 75 miles" from the United States border for a period not exceeding 10 days.

An endorsement to the policy contained an uninsured motorist coverage provision, together with a purported territorial limitation, reading: "This endorsement applies only to accidents which occur . . . within the United States of America, its territories or possessions, or Canada."

■ Question: *Is the purported territorial limitation in the endorsement void because it is in conflict with section 11580.2 of the Insurance Code?*

*Yes.* Section 11580.2, as it read at the time of the accident, provided, in part: "No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be issued or delivered in this State to the owner or operator of a motor vehicle, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle then principally used or principally garaged in this State, unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the financial responsibility requirements specified in Section 16059 of the Vehicle Code insuring the insured or his legal representative for all sums within such limits which he shall be legally entitled to recover as damages for bodily injury from the owner or operator of an uninsured motor vehicle. The insurer and any named insured may by agreement in writing delete the provision covering damage caused by an uninsured motor vehicle. . . ."

It will be noted that the only way in which uninsured motorist coverage may be waived is by an agreement in writ-

ing, signed by the insurer and the insured, deleting the provision. Admittedly, there was no such agreement in the present case.

■ There is no express provision in section 11580.2 as to the territorial area within which the insured must be protected against damage caused by an uninsured vehicle.[1] The section, however, was designed to minimize losses to the people of California who are involved in accidents with uninsured or financially irresponsible motorists, and it would appear that the public policy of this state, as expressed in said section, requires that the insured be protected against damages for bodily injury caused by an uninsured motorist in the same territory in which the policy covers him for liability.

■ The Legislature, by providing that the liability imposed by the statute can be avoided only by means of an agreement in writing, signed by the insurer and the insured, deleting the provision for uninsured motorist coverage, clearly showed an intent that there be no "fine print," unilateral waiver or limitation of the requirement.

■ Accordingly, the territorial limitation contained in the insurance policy involved in the present case is void, because it is contrary to public policy. (See *Hendricks* v. *Meritplan Ins. Co.,* 205 Cal.App.2d 133, 136-137 [22 Cal. Rptr. 682].)

In the *Hendricks* case, the insurance policy contained a restrictive endorsement providing that the insurance afforded thereby would not apply while the automobile was being operated by any person under 25 years of age. Section 11580.2, as it then read, provided for coverage of "the named insured and any other person legally responsible for the use of or using the motor vehicle with the consent . . . of the named insured. . . ." The court pointed out the conflict between the two provisions and held that as to the uninsured motorist coverage the policy's restrictive endorsement was void.

The court likewise rejected a contention that since uninsured motorist coverage may be waived in toto, it may be waived in part, pointing out that nowhere in the law is there

---

[1]The section contains some provisions from which it could conceivably be inferred that it is concerned only with accidents in California, but none of such provisions are conclusive. For example, the section requires that in certain cases a report of an accident be made within a specified time to the police department of the city where the accident occurred, or if the accident occurred in unincorporated territory, either to the sheriff of the county where the accident occurred or "the local headquarters of the California Highway Patrol."

any provision for the waiving of coverage based upon age classifications or upon the basis of other nonpreferred risks, and that the only permissible exclusion is the one expressly provided for in the statute, under which the insurer and the insured may by agreement expressly waive application of the statute.[2]

The statute clearly does not contemplate a piecemeal whittling away of liability, either territorially or under certain driving conditions, for injuries caused by uninsured motorists.

The judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk J., and Burke, J., concurred.

---

[2]At the time involved in the *Hendricks* case, section 11580.2 of the Insurance Code provided that ''the insurer and the insured may by supplemental agreement waive application of the provision covering damage caused by an uninsured motor vehicle.'' The quoted provision was deleted in 1961, and the section at the time of the accident in the present case provided that ''The insurer and any named insured may by agreement in writing delete the provision covering damage caused by an uninsured motor vehicle.''