■ Perth Amboy Drydock Company, Respondent, v. New Jersey Manufacturers Insurance Company, Appellant.— Order and judgment affirmed, with $50 costs and disbursements to plaintiff-respondent. The insurance policy issued by the defendant, as is apparent from the provisions thereof construed as a whole, was issued principally to afford plaintiff workmen's compensation and employers' liability coverage with respect to all employees of the plaintiff engaged in " shipwright work ". The plaintiff, at the time of the issuance of the policy, had many employees engaged in such work with an estimated payroll of $600,000 and had only one employee, a tugboat captain, with an estimated payroll of $2,500, engaged in maritime work (as a master and member of a crew of a vessel). The endorsements, attached to the policy and forming a part thereof at the time of delivery, are to be read with the policy and, except as otherwise expressly and clearly stated therein, are to be given full force and effect according to the intendment of the policy, construed as a whole. (*Birnbaum v. Jamestown Mut. Ins. Co.*, 298 N. Y. 305; also 29 N. Y. Jur., Insurance, § 603.) Endorsement No. 3 to the policy, insofar as it expands the liability limits where more than one employee is injured in a single accident, would be virtually meaningless in the furnishing of proper protection for the plaintiff, if restricted in its application, as stated in its heading, to " Masters or Members of the Crews of Vessels ". In any event, by a typewritten statement at the foot of the endorsement, the description of the operations to which the amended coverage is applicable, is expressly stated to be " Shipwright Work and operation of Tugboats ". This typewritten statement should prevail in a determination as to the effect to be given the endorsement. (29 N. Y. Jur., Insurance, § 614; *Birnbaum v. Jamestown Mut. Ins. Co., supra.*) It is plain to see that this is a case where the defendant used one of its stock or printed forms of endorsement and expressly broadened it by the typewritten addendum to render it applicable to the particular coverage embraced by the policy. The defendant's arguments seek-

ing a construction to exclude the expanded liability coverage for " Shipwright Work " employees merely have the effect of suggesting an ambiguity in the policy; and, thus, such arguments are unavailing to defendant. If the policy is ambiguous in this respect, any doubt or uncertainty in its meaning should be resolved against the defendant. This is in accordance with the well-settled rule. (29 N. Y. Jur., Insurance, §§ 617–621.) Concur — Rabin, J. P., Stevens and Eager, JJ.; Steuer, J., dissents in the following memorandum: In this action on an insurance policy it has been found that the policy is ambiguous. Ambiguity appears to be a disease to which insurance policies are peculiarly susceptible and no immunity from attack can be provided by the clearest language or the most unmistakable terms, if the result is not what the policy-holder may have envisaged. The policyholder is a company engaged in the business of ship repairs. Its operations are performed mostly on ships in dock by land-based employees. Occasionally it performs repairs on ships at sea, in which event its employees are considered as maritime workers. It also operates a tug on which it has a single employee. The policy in question provides coverage for workmen's compensation and for liability to employees other than through compensation. Liability for any one accident is limited in the main policy to $25,000. However, in an endorsement, liability for compensation is extended to $25,000 for each employee injured with a maximum of $100,000. The same extension of coverage is granted as to coverage for liability but in this coverage the extension is limited to " Masters or Members of the Crew of Vessels ". These words appear in the heading of the endorse-ment, and in the body it is stated: " It is agreed that such insurance as is afforded by the policy under coverage B with respect to bodily injury by accident or disease, including death at any time resulting therefrom, sustained by a master or a member of the crew of any vessel is subject to the following provisions ". Plaintiff seeks to apply the coverage of the endorsement to three employees who are concededly neither masters nor members of the crew of a vessel. It would be difficult to conceive of language that would be more certain as to the nature of the employees covered. The claim of ambiguity rests upon two extrinsic facts: first, that as to the coverage for compensation, all employees were included; and, second, that plaintiff had at the time the policy was taken out only one employee who was in the class described. However relevant these facts might be in an action to conform the policy to the intent of the parties, they can have no bearing in an action on the policy as it was written. If the meaning is clear, it governs. The fact that plaintiff may have con-tracted for coverage that was of little use to it at the time does not mean that it is entitled to more beneficial coverage which it did not contract for. The order should be reversed on the law and summary judgment granted to defendant. [48 Misc 2d 152.]