## Schmitt v. Hertz Autovermietung GMBH

Before Watson and Ross, E., *JJ.*

*Michael Mahalyak,* for plaintiff.
*Scott E. Becker,* for defendant.

ROSS, E., *J.,* June 15, 1977—This matter is before the court on a motion for summary judgment filed by defendant, United States Fire Insurance Company, to a complaint of plaintiff Marianne (Waters) Schmitt. Plaintiff is seeking to recover uninsured motorist benefits under an insurance policy issued by defendant for an accident occurring in Nysa, Poland. The insurance policy at issue has the following provision:

"CONDITIONS (Unless otherwise noted, conditions apply to all parts)

"1. *Policy Period, territory.* This policy applies only to accidents, occurrences, and loss during the

policy period while the automobile is within the United States of America, its territories or possessions, or Canada, or is being transported between ports thereof."

The place where the accident occurred, Nysa, Poland, and the above policy provision are admitted in the pleadings. Therefore they can be construed as facts. The only real issues raised by the parties are the jurisdiction of the court to hear such matters and the validity of the territorial provision in the policy.

It is argued in plaintiff's brief that the insurance policy contains a provision mandating that all questions of coverage under the uninsured motorist provision be settled by arbitration. It must first be noted that it was plaintiff who initiated court action and who is now asking the court to dismiss the motion for summary judgment due to lack of jurisdiction.

While it is generally the policy in the Commonwealth that the court not entertain jurisdiction if a policy provides for settlement pursuant to arbitration, there is a narrow exception to this rule. As recognized in United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508, 323 A. 2d 737, 741 (1974), the court will take jurisdiction if the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative or administrative mandate or against public policy or unconscionable. In the present case plaintiff has attacked the territorial provision as invalid under the Uninsured Motorist Act of August 14, 1963, P.L. 909, sec. 1, as amended December 19, 1968, P.L. 1254, sec. 1, effective January 1, 1969, 40 P.S. §2000 et seq. Just as the court accepted jurisdiction in United Services Automobile

Association, supra, where the validity of a "physical contact" rule was questioned under the Uninsured Motorist Act, supra, it is also appropriate to do so in the present case.

It has been the practice in Pennsylvania to recognize the need to provide protection to innocent victims of irresponsible drivers and to effectuate this intent by giving a liberal construction to the Uninsured Motorist Act: Shamey et al. v. State Farm Mutual Automobile Insurance Company, 229 Pa. Superior Ct. 215, 331 A. 2d 498, 501 (1974).

The question of a territorial limitation provision is one of first impression in the Pennsylvania courts. Plaintiff has cited a California case: Mission Insurance Company v. Brown, 47 Cal. Rptr. 363, 407 P. 2d 275 (1965), for the proposition that such a provision is held to be void. However, this case is readily distinguishable from the present case before the court. In Mission the California court held the territorial limitation policy with respect to the uninsured motorist was void since it was in direct conflict with another provision and in conflict with the California Insurance Code.

In Kvalheim v. Farm Bureau Mutual Insurance Company, 195 N.W. 2d 726 (Iowa 1972), the Supreme Court of Iowa upheld a territorial provision in an insurance policy. See also American Casualty Co. v. Foster, 219 N.Y. Supp. 2d 815 (1961).

The crux of the validity of the provision questioned in the instant case must be determined by looking to the legislative intent of the statute and to the rules and regulations under which the act is applied.

The rules and regulations promulgated with respect to uninsured motorists are found at 31 Pa. Code §63 et seq.

Section 63.2 states the extent of coverage shall be at least that coverage contained in the sample form attached as exhibit C and made part of the regulations. Therefore, it is essential to look for the territorial provision in exhibit C in order to ascertain the minimum allowable coverage.

It is fundamental principle of administrative law that the legislature has the authority to delegate certain responsibilities to various administrative agencies. Section 2000(a) of the Uninsured Motorist Act of August 14, 1963, supra, 40 P.S. §2000(a), mandates that automobile liability policies will not be delivered in the Commonwealth unless coverage is provided in units set by the general assembly, as approved by the insurance commissioner, for protection of persons injured by uninsured motorists. The validity of the regulations is unquestioned.

In reviewing exhibit C, referred to herein, of the applicable regulations, the definition section Part III, states:

"III. Policy Period, Territory

"This endorsement applies only to accidents which occur on and after the effective date hereof, during the policy period and within the United States of America, its territories or possessions, or Canada."

This provision sets out the minimum requirement for coverage. It can be readily ascertained that the coverage provided by United States Fire Insurance Company in the present case falls within the requisite minimum requirement cited above and is, therefore valid.

Plaintiff has not questioned the validity of the regulation itself. Therefore, it is not an issue before the court. Neither has plaintiff asserted any am-

biguity in the policy provision that might arguably be presumptively construed in favor of plaintiff and against the insurer. The only issue is the validity of the policy provision in light of the statute and it is the court's opinion that under the above regulation the provision is valid. Therefore, defendant's motion for summary judgment is granted.

## ORDER

And now, June 15, 1977, after argument on the motion of defendant, United States Fire Insurance Company, for summary judgment as to the complaint filed by plaintiff, Marianne (Waters) Schmitt, it is hereby ordered, adjudged and decreed that defendant's motion for summary judgment is hereby granted.