James C. CURTIS and Mary Beth Curtis, Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

No. 79-3187

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 9, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Vincent J. Glorioso, Jr., New Orleans, La., for plaintiffs-appellant.

Edward J. Brandao, New Orleans, La., for defendant-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

This diversity case presents a question of Louisiana law that is appropriate for resolution by the Supreme Court of Louisiana. Because the Supreme Court of Louisiana is the source of ultimate authority in this diversity case, we defer decision in the case, pending certification of the question.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA PURSUANT TO LA.REV.STAT.ANN. § 13:72.1 AND RULE 12 OF THE RULES OF THE LOUISIANA SUPREME COURT.

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this court involves a question of law of the State of Louisiana which is determinative of the cause, and there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Louisiana. This court certifies the following question of law to the Supreme Court of Louisiana for instructions concerning said question of law, based on the facts recited herein.

(1) *Style of the Case.*

The style of the case in which this certificate is made is James C. Curtis, et al., appellants, versus Allstate Insurance Company, appellee, Case No. 79–3187, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana, 473 F.Supp. 315.

(2) *Statement of Facts.*

Appellants, James C. Curtis, and his wife Mary Beth Curtis, were operating their insured automobile during the policy period near Matamoros, Mexico, when they were in an accident with a vehicle driven by an unidentified Mexican national. Appellants sued appellee, Allstate Ins. Co., under the uninsured motorist provisions of appellee's policy issued to the appellants. Both parties assume that the Mexican driver was uninsured. The policy, divided into section I, liability coverage, and section II, uninsured motorist coverage, contains two provisions restricting its application to the United States of America, its territories or possessions and Canada. Based on these territorial restrictions, appellee moved for summary judgment. The trial court granted the motion, and appellants appealed.

Concerning the two territorially restrictive provisions, the first provision is in the General Conditions section of the policy and states:

(The following conditions apply to all sections of the policy except where otherwise noted. If any of the following conditions conflict with any condition stated in Section II, the applicable condition of Section II shall apply.)

1. *When and Where the Policy Applies.* This policy applies only to losses to the automobile, accidents and occurrences, during the policy period within the United States of America, its territories or possessions or Canada . . . Section II . . . shall apply only while Section I is in force.

The second provision is in Section II, which deals specifically with uninsured motorist coverage:

*Policy period, territory.*

This coverage applies and only to accidents which occur on and after the effective date hereof, during the policy period and within the United States of America, its territories or possessions, or Canada.

The relevant Louisiana law is La.Rev. Stat.Ann. § 22:1406D(1)(a):

D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.

(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.

The appellants argued that the uninsured motorist territorial restriction was prohibited by the uninsured motorist statute and also was null and void as contrary to Louisiana public policy as expressed in the statute and subsequent judicial interpretations. Appellants relied upon *Herbert v. Green*, 311 So.2d 223 (La.1975), and *Niemann v. Travelers Ins. Co.*, 368 So.2d 1003 (La.1979), which voided pro rata clauses; *Deane v. McGee*, 260 So.2d 669 (La.1972), which voided an excess provision of another insurance clause; *Elledge v. Warren*, 263 So.2d 912 (La.App.1972), which voided a provision excluding coverage when the insured is occupying an uninsured auto owned by the named insured or a relative; and *Thomas v. Nelson*, 295 So.2d 847 (La.App.1974) *writ denied*, 229 So.2d 791.

Appellants also cited a federal court decision that relied upon the preceding authority to void a subrogation clause that designated that the uninsured motorist be reimbursed from the plaintiff's recovery against a third-party tort-feasor. *Perez v. Ford Motor Co.*, 408 F.Supp. 318 (E.D.La.1975) *aff'd* 527 F.2d 1391 (5th Cir. 1976).

The district court determined that the numerous restrictions held void by the Louisiana courts were not restrictions of general conditions of coverage applicable to the entire policy, but rather were restrictions applicable solely to the uninsured motorist part of the policy. The district court noted that appellants cited no Louisiana case holding that a general condition applicable to the entire policy is against public policy. In granting appellee's motion for summary judgment, the district court held that the uninsured motorist territorial restriction served a legitimate purpose and was not against public policy.

(3) *Question to be Certified.***

Does Louisiana allow territorial restrictions in automobile insurance policies?

The entire record of this case, along with the briefs of the parties, are transmitted herewith.

---

** This court does not intend that the particular phrasing of the certified question limit the Supreme Court of Louisiana in its consideration of the problems involved. *Martinez v. Rodriquez*, 394 F.2d 156 (5th Cir. 1968).