## Fulton v. Allstate Insurance Company

*James T. Owens*, for plaintiffs.
*Thomas O. Malcolm*, for defendant.

STIVELY, *J.*, July 28, 1980—Plaintiffs, husband and wife, petitioned this court for declaratory judgment pursuant to the Declaratory Judgments Act, 42 Pa.C.S.A. §7531 et seq. The parties have agreed to a statement of facts for the purposes of resolving the instant matter before the court. On July 29, 1977 defendant insured an auto owned by plaintiffs. The policy was approved by the Insurance Commissioner of the Commonwealth of Pennsylvania and included the following territorial ex-

clusion: "During the premium period, *your* policy applies to losses to the auto, accidents and occurrences within the United States of America, its territories or possessions or Canada, or between their ports." On or about July 29, 1977 plaintiffs were involved in a motor vehicle accident while occupying a rented automobile in Ireland with an uninsured motorist. Plaintiffs sustained bodily injuries as a result of said accident and subsequently have petitioned this court to determine: (1) whether or not the territorial exclusion as contained in plaintiffs' insurance policy is invalid under the uninsured motorist coverage act of August 14, 1963, P.L. 909, sec. 1 et seq., as amended, 40 P.S. §2000 et seq.; and (2) whether or not any attempt to impose territorial limits in connection with uninsured motorist coverage is void as against public policy in the Commonwealth of Pennsylvania.

In support of their contention that the territorial exclusion is invalid under the uninsured motorist coverage act and void as against public policy, plaintiffs cite Schmitt v. Hertz Autovermietung GMBH no. 2, 6 D. & C. 3d 410 (1978), a case of first impression in the Commonwealth. After due consideration, this court declines to follow the decision rendered by the Court of Common Pleas of Allegheny County. In that case plaintiff was injured in an automobile accident occurring in Poland. Plaintiffs' insurance policy contained a territorial exclusion similar to the one in the case at bar. The Allegheny County court held that the regulation of the Pennsylvania Insurance Commissioner establishing the United States, its territories or possessions, and Canada as the minimum allowable extent of coverage (31 Pa. Code §63.2, Exhibit C) was invalid in view of the legislative intent of the uninsured motorist coverage act to provide wide cover-

age. The uninsured motorist coverage act sets forth three instances where the coverage required by the act does not apply. A territorial exclusion is not included. Therefore, the court ruled that a territorial exclusion was invalid and held the insurance policy enforceable for the accident in Poland.

The Hertz court cited several Pennsylvania cases wherein various other exclusions were struck down as the courts sought to implement wide coverage under the act, e.g., Bankes v. State Farm Mutual Automobile Insurance Company, 216 Pa. Superior Ct. 162, 264 A. 2d 197 (1970), invalidating a clause excluding motorcycle accidents from uninsured motorist coverage, and United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508, 323 A. 2d 737 (1974), invalidating a physical contact rule.

The Hertz court then, after acknowledging a split in authority from other jurisdictions, cited two cases in support of its conclusion. In Chavez v. State Farm Mutual Auto Insurance, 87 N. M. 327, 533 P. 2d 100 (1975), the New Mexico Supreme Court held that the exclusion of an insured driver from coverage when occupying an uninsured vehicle was invalid. In Mission Insurance Company v. Brown, 63 Cal. 2d 508, 407 P. 2d 275, 47 Cal. Rptr. 363 (1965), the California Supreme Court held that territorial exclusion with respect to uninsured vehicles was invalid. However, this latter case was later distinguished in Robles v. Calif. State Automobile Association, 79 Cal. App. 3d 602, 145 Cal. Rptr. 115 (1978), on the ground that the insurer had attempted to limit its uninsured motorist coverage to a narrower geographic area than it provided for the rest of the policy coverage: Robles, 79 Cal. App. at 610, 145 Cal. Rptr. at 120. "The case, therefore, inferentially recognizes that the insurer may ter-

ritorily limit coverage in the uninsured motorist's endorsement as long as it is coextensive with the bodily injury liability insurance coverage of the policy."

Several other jurisdictions have upheld the territorial exclusion such as provided for by the regulations of the Pennsylvania Insurance Commissioner: Curtis v. Allstate Insurance Company, 473 F. Supp. 315 (E. D. La. 1979); Transamerica Insurance Co. v. McKee, 27 Ariz. App. 158, 551 P. 2d 1324 (1976); Kvalheim v. Farm Bureau Mutual Insurance Company, 195 N.W. 2d 726 (Iowa. 1972); Robles, supra. These cases recognize the sound policy reasons behind the territorial exclusion such as that provided for in the regulations of the Pennsylvania Insurance Commissioner, 31 Pa. Code §63.2. "Insurers providing [uninsured motorist coverage] must base their rates on the risk that the insured will be struck by an uninsured vehicle. It is certainly rational to exclude countries where the number of uninsured motorists is unknown or so high as to make coverage impractical." Curtis v. Allstate Insurance Company, supra, at 317. In addition the rates would reflect the difficulty and expense that would be involved in the investigation of claims were the uninsured motorist coverage given a worldwide scope.

Therefore we do not find the territorial exclusion provision contained in plaintiffs' insurance policy to be invalid under the uninsured motorist coverage act or void as against the public policy of this Commonwealth.

## DECREE

And now, July 28, 1980, after consideration of briefs of counsel, pursuant to section 7531 et seq. of

320

the Declaratory Judgments Act, 42 Pa.C.S.A. § 7531 et seq., it is adjudged and decreed:

1. The territorial exclusion as contained in plaintiffs' insurance policy is not invalid under the uninsured motorist coverage act of August 14, 1963, P.L. 909, sec. 1 et seq., as amended, 40 P.S. § 2000 et seq.

2. The territorial exclusion as contained in plaintiffs' insurance policy is not void as against public policy in the Commonwealth of Pennsylvania.