**James C. CURTIS and Mary Beth Curtis, Plaintiffs–Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellee.**

No. 79–3187

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1980.

Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Vincent J. Glorioso, Jr., New Orleans, La., for plaintiffs–appellants.

Edward J. Brandao, New Orleans, La., for defendant–appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

This is a diversity case involving an interpretation of territorial restrictions in automobile insurance policies issued in Louisiana. Appellants, James C. Curtis, and wife, appeal a trial judge's summary judgment in favor of their automobile insurer, appellee, Allstate Ins. Co. We affirm the grant of summary judgment, because we find no genuine issue as to any material fact, and because we accept the trial judge's interpretation of Louisiana law.*

Curtis and his wife were operating their insured automobile during the policy period near Matamoros, Mexico, when they were in an accident with a vehicle driven by an unidentified Mexican national. They sued Allstate Ins. Co., under the uninsured motorist provisions of the Allstate policy issued to them in Louisiana. Both parties assume that the Mexican driver was uninsured. The policy, divided into section I, liability coverage, and section II, uninsured motorist coverage, contains two provisions

---

* Initially, we determined that this diversity case presented a question of Louisiana law appropriate for resolution by the Supreme Court of Louisiana. 615 F.2d 386. We certified the following question: Does Louisiana allow territorial restrictions in automobile insurance policies? On May 19, 1980, the Supreme Court of Louisiana entered an order declining to answer the certified question.

restricting its application to the United States of America, its territories or possessions and Canada. Based on these territorial restrictions, Allstate moved for summary judgment. A federal trial judge for the Eastern District of Louisiana granted the motion, and the Curtises appealed.

Concerning the two territorially restrictive provisions in the insurance policy, the first provision is in the "General Conditions" section of the policy and states:

(The following conditions apply to all sections of the policy except where otherwise noted. If any of the following conditions conflict with any condition stated in Section II, the applicable condition of Section II shall apply.)

1. *When and Where the Policy Applies* This policy applies only to losses to the automobile, accidents and occurrences, during the policy period within the United States of America, its territories or possessions or Canada ... Section II ... shall apply only while Section I is in force.

The second provision is in Section II, which deals specifically with uninsured motorist coverage:

*Policy period, territory.*

This coverage applies and only to accidents which occur on and after the effective date hereof, during the policy period and within the United States of America, its territories or possessions, or Canada.

The relevant Louisiana law is La.Rev. Stat.Ann. § 22:1406 D(1)(a):

D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.

(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.

The Curtises argue that the uninsured motorist territorial restriction is prohibited by the uninsured motorist statute and also is null and void as contrary to Louisiana public policy as expressed in the statute and subsequent judicial interpretations. They rely upon *Hebert v. Green*, 311 So.2d 223 (La.1975), and *Niemann v. Travelers Ins. Co.*, 368 So.2d 1003 (La.1979), which voided pro rata clauses; *Deane v. McGee*, 260 So.2d 669 (La.1972), which voided an excess provision of another insurance clause; *Elledge v. Warren*, 263 So.2d 912 (La.App. 1972), which voided a provision excluding coverage when the insured is occupying an uninsured vehicle owned by the named insured or a relative; and *Thomas v. Nelson*, 295 So.2d 847 (La.App.) *writ denied*, 299 So.2d 791 (La.1974).

They also cite a federal court decision that relied upon the preceding authority to void a subrogation clause designated that the uninsured motorist be reimbursed from the plaintiff's recovery against a third party tort feasor. *Perez v. Ford Motor Co.*, 408 F.Supp. 318 (E.D.La.1975) *aff'd* 527 F.2d 1391 (5th Cir. 1976).

We reject the Curtises' arguments and accept the trial judge's interpretation of Louisiana law. The trial judge determined

that the numerous restrictions held void by the Louisiana courts were not restrictions of general conditions of coverage applicable to the entire policy, but rather were restrictions applicable solely to the uninsured motorist part of the policy. Further, the trial judge noted that the Curtises cited no Louisiana case holding that a general condition applicable to the entire policy is against public policy. In granting Allstate's motion for summary judgment, the trial judge held that the uninsured motorist territorial restriction served a legitimate purpose and was not against public policy.

Summary judgment is appropriate where it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Since there is no genuine issue as to any material fact, and since we accept the district court's interpretation of Louisiana law, we affirm.

AFFIRMED.