**48**

780 P.2d 1389

Helen BARTNING; Luis E. Bartning
and Rique Bartning,
Plaintiffs/Appellees/Cross–Appellants,

v.

STATE FARM FIRE & CASUALTY,
Defendant/Appellant/Cross–Appellee.

No. 2 CA–CV 88–0138.

. Court of Appeals of Arizona,
Division 2, Department A.

Dec. 6, 1988.

Review Granted March 14, 1989.

Miller & Pitt, P.C. by Thomas G. Cotter and Jonathan Reich, Tucson, for plaintiffs/appellees/cross-appellants.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellant/cross-appellee.

## OPINION

HOWARD, Judge.

This is an appeal from a judgment in an action for declaratory relief submitted to the trial court on stipulated facts.

Enrique Bartning and his wife, Helen, lived in Nogales, Arizona, and maintained their own home. Enrique was walking by himself in Mexico when he was killed by an uninsured motorist on April 3, 1985. He was the named insured on a policy issued by State Farm which had uninsured motorist coverage in the amount of $15,000 per person and $30,000 per accident. The beneficiaries of the claim for his wrongful death were his wife and his two sons.

Enrique's son, Luis, was married and maintained his own home in Tucson and had an automobile insurance policy also issued by State Farm which had uninsured motorist coverage in the amount of $15,000 per person and $30,000 per accident on the vehicle owned by Luis.

Both policies of insurance extended liability, medical payments and physical damage coverage to Mexico, within 50 miles of the United States border. However, under both policies the uninsured motorist coverage was restricted to the United States, its territories and possessions, and Canada. The issue is whether the geographical restriction on the uninsured motorist coverage was void as being violative of the public policy of the State of Arizona. The trial court held that it was, deciding that uninsured motorist coverage was available under Enrique's policy, but held that such coverage was unavailable under Luis' policy based on certain exclusions in that policy.

State Farm has appealed from the trial court's decision as to Enrique's policy, and the appellees have cross-appealed the trial

court's decision relative to the exclusions in Luis' policy. In view of our disposition the cross-appeal is moot.

Resolution of both the appeal and cross-appeal turns on the public policy issue. In *Transamerica Ins. Co. v. McKee*, 27 Ariz. App. 158, 551 P.2d 1324 (1976), we held that the public policy of the State of Arizona did not mandate the extension of uninsured motorist coverage to accidents occurring in Mexico. The policy in the *Transamerica* case was similar to the policies here. However, appellees assert a different argument than that made in *Transamerica*. They contend that while appellant was not obligated to extend coverage to any part of Mexico, once it did, the public policy of this state required it to extend the full coverage mandated by our law. They further contend that the later case of *Calvert v. Farmers Ins. Co. of Arizona*, 144 Ariz. 291, 697 P.2d 684 (1985), effectively overrules *Transamerica Ins. Co. v. McKee*, supra. We do not agree. The issue involved here was never presented or discussed in *Calvert*. The policy requirements of our financial responsibility law only extend to the United States, its territories and Canada. *Transamerica Ins. Co. v. McKee*, supra. This is not changed by the fact that the insurer chooses to extend some coverage to Mexico. There is nothing in our law which states or implies that once the insurer extends coverage to a foreign country, other than Canada, it must offer the full coverage required by our statute. The only way to conclude otherwise is simply to invent such a public policy, as was done by the California Supreme Court in *Mission Ins. Co. v. Brown*, 63 Cal.2d 508, 47 Cal.Rptr. 363, 407 P.2d 275 (1965). While some might think that such a reading of our statutes would be beneficial to the citizens of Arizona, our function here is not to do good, but to do right. If the legislature wants to extend the financial responsibility laws to policies covering accidents in Mexico, then it must amend the statutes. As the current statutes are now written, there is no such requirement.

We note that since our decision in *Transamerica* in 1976, A.R.S. § 20–259.01 has been amended three times. Although given three opportunities to do so, the legislature never took issue with our decision in *Transamerica*. Decisions of the appellate courts of this state are viewed as correct interpretations of public policy where the state legislature thereafter fails to enact legislation leading to another result. *City of Phoenix v. Williams*, 89 Ariz. 299, 361 P.2d 651 (1961). The legislature is presumed to be aware of existing case law when it passes a statute, as well as court decisions interpreting the language of a statute. When it retains the language upon which those decisions are based, it approves the interpretation. *State v. Pennington*, 149 Ariz. 167, 717 P.2d 471 (App. 1985).

Our conclusion is buttressed by the recent case of *Employers Mutual Casualty Co. v. McKeon*, 159 Ariz. 111, 765 P.2d 513, 515–16 (1988) where the court, in explaining the intent of our uninsured motorist statute stated: "The intent is to protect each insured no matter where he is (*within the policy's territorial limits*) or what he is doing." (Emphasis added.) The implication is that policy territorial limits which do not violate the express requirements of our laws are valid.

Appellant is entitled to attorney's fees on appeal which will be awarded upon its compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17B A.R.S.

The judgment in favor of the appellees and against State Farm is reversed and the trial court is ordered to enter judgment in favor of State Farm. The judgment in favor of State Farm and against the appellees is affirmed.

LIVERMORE, P.J., concurs.

HATHAWAY, Judge, dissenting.

I respectfully dissent for the reasons stated in my special concurrence in *Transamerica Ins. Co. v. McKee*, 27 Ariz.App. 158, 551 P.2d 1324 (1976).

I believe the majority's reading of *Employers Mutual Casualty Co. v. McKeon*,

supra, is wrong. As noted by the majority, the court there stated that the intent of the uninsured motorist statute is to protect the insured within the territorial limits of the policy. Both policies in question here contain a territorial limit of 50 miles within the United States/Mexican border. I believe the insurer cannot refuse uninsured motorists coverage within that territory. I would find in favor of appellees/cross-appellants.