**WERNER'S INC. and Robert Werner, Appellants,**

v.

**GRINNELL MUTUAL REINSURANCE COMPANY, Appellee.**

No. 90–1586.

Court of Appeals of Iowa.

Sept. 24, 1991.

Marc S. Harding, Des Moines, for appellants.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

The plaintiffs have been insured by Grinnell Mutual Reinsurance Company since 1966. They believed they carried full coverage on their Chevrolet Suburban. While the Werners were on vacation in the town of Nogalas, Mexico, their Suburban was stolen. The Werners notified both the American and Mexican authorities, but their vehicle was never recovered. They also telephoned their insurance agent who advised them their policy provided coverage.

Later, the insurance adjusters advised the Werners that because the loss occurred in Mexico, the policy excluded coverage. Grinnell's policy provided this exclusion:

This policy applies only to accidents, occurrences, and losses during the policy period shown in the Declarations while the insured vehicle is within the United States, its territories or possessions, or Canada, or between their ports.

On July 18, 1990, the Werners filed their action seeking recovery under their automobile insurance policy. Grinnell filed a motion for judgment on the pleadings which the district court sustained. In making its ruling, the district court denied Grinnell's request to impose sanctions pursuant to Iowa Rule of Civil Procedure 80. Werner appeals; Grinnell cross-appeals.

I. *Judgment on the Pleadings.*

Under a motion for judgment on the pleadings, a court is required to grant a party a judgment "to which he is entitled under the uncontroverted facts stated in all the pleadings...." Iowa R.Civ.P. 222.

*Lamantia v. Sojka,* 298 N.W.2d 245, 248 (Iowa 1980).

Judgments on the pleadings generally are not favored. 71 C.J.S. *Pleadings* § 424 (1951). Even so, we conclude such a ruling is proper in this case.

In an action on contract, where defendant's answer sets up the provisions of the contract relied upon to defeat recovery, judgment on the pleadings cannot be granted for defendant *unless some provision of the contract as a matter of law precludes recovery.*

71 C.J.S. *Pleadings* § 429 (1951) (emphasis added).

To ascertain the uncontroverted facts, we must look to the parties' pleadings. Initially, we look at the plaintiff's petition. It states, in paragraph 10,

10. Plaintiff reasonably expected to be covered *while in the southern part of the United States.* [Emphasis added.]

Yet the answer alleges, and the plaintiffs admit or at least do not controvert, the occurrence for which coverage was claimed *happened in Mexico,* not within the territorial limits of the United States. Nor is there any controversy concerning where the vehicle was located when stolen. Grinnell Mutual does not dispute its duty to provide coverage for an occurrence "while in the southern part of the United States." It disputes its duty to provide coverage while the vehicle was located in Mexico. The plaintiffs, in their petition, do not allege they had a reasonable expectation of coverage *while in Mexico,* south of the United States border.

The basic uncontroverted facts present here which we glean from the pleadings and attachments are:

1. The Werner vehicle crossed the border into Mexico.

2. While in Mexico, the vehicle was stolen.

3. The Werner vehicle was insured by Grinnell Mutual Reinsurance.

4. Under Part V, "General Provisions", the insurance policy defining coverage contained a prominently located clause.

5. That clause provided:

POLICY PERIOD, TERRITORY

This policy applies only to accidents, occurrences, and losses during the policy period shown in the Declarations while the insured vehicle is within the United States, its territories or possessions, or Canada, or between their ports.

6. Grinnell Mutual, relying on this territorial limitation, refused to reimburse the cost of the stolen vehicle.

7. The Werners allege this refusal violated their reasonable expectation of coverage *in the southern part of the United States.*

■ We find at least two alternative grounds for affirming the trial court's entry of judgment on the pleadings. First, the Grinnell Mutual has set up a provision of the insurance contract as a defense. This provision clearly and explicitly excludes coverage in this case. This, in and of itself, justifies a grant of judgment on the pleadings as a matter of law. *See* 71 C.J.S. *Pleadings* § 429.

■ Second, Grinnell Mutual does not controvert the Werners had a reasonable expectation of coverage in the southern part of the United States. The Werners do not allege their vehicle was stolen in the southern part of the United States. *Nor do they allege they had a reasonable expectation of coverage in Mexico, where all parties admit the vehicle was located when it was stolen.* Therefore, on their face, the uncontroverted facts in the pleadings entitle Grinnell Mutual to judgment on the pleadings as a matter of law. We affirm the trial court on this issue.

## II. *Summary Judgment.*

■■ The posture in which we find this case presented and argued is analogous to a summary judgment proceeding. Grinnell Mutual captioned their motion as a motion for judgment on the pleadings. Because of the phrasing of paragraph 10 of the plaintiff's petition, we determine the trial court's grant of the judgment on the pleadings was correct. However, both the trial court's reasoning and the parties' arguments on appeal are more correctly found in summary judgment proceedings than in judgment on the pleadings. *See Lamantia*, 298 N.W.2d at 248.

Our rules of civil procedure provide for liberal construction of motions and pleadings.

All common counts, general issues, demurrers, fictions and technical forms of action or pleading, are abolished. The form and sufficiency of all motions and pleadings shall be determined by these rules, *construed and enforced to secure a just, speedy and inexpensive determination of all controversies on their merits.*

Iowa R.Civ.P. 67 (emphasis added).

Additionally, we determine the parties, by the manner in which they presented their case and arguments, tried this action as a summary judgment motion by consent. We construe the pleadings and arguments liberally, to reach their substance, and ensure a speedy and inexpensive resolution. *Id.* Finally, we note the appellants have not objected to the form of this action on appeal. Therefore, for the sake of the next part of our analysis, we will construe this as a summary judgment proceeding.

Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mutual Insurance Co. v. Milne* 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds

can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Farm Bureau Mutual Insurance,* 424 N.W.2d at 423.

### III. *Reasonable Expectations.*

■ The Werners claim the trial court's summary judgment ruling denies the parties their reasonable expectations of their insurance coverage. The Iowa Supreme Court recently outlined the reasonable expectations doctrine.

> We strive to give effect to all the language of a contract. An interpretation which gives a reasonable, lawful, and effective meaning to all terms is preferred to a interpretation which leaves a part unreasonable, unlawful or of no effect.
>
> \* \* \* \* \* \*
>
> The doctrine of reasonable expectations states that objectively reasonable expectations will be honored even though painstaking study of the policy provisions would have negated those expectations. The doctrine obligates the court to ignore a policy exclusion if the exclusion: (1) is bizarre or oppressive; (2) eviscerates terms explicitly agreed to; or (3) eliminates the dominant purpose of the contract.

*Weber v. IMT Insurance Co.,* 462 N.W.2d 283, 286–89 (Iowa 1990).

The insurance policy in this case states it applies only to accidents, occurrences, and losses during the policy period shown in the Declarations while the insured vehicle is within the United States, its territories or possessions, or Canada, or between their ports. This exception is clear. It is printed in bold type under the heading, "POLICY PERIOD, TERRITORY". It is the leading clause under Part V, "General Provisions". The language employed is direct, simple, and to the point. *See Foremost Insurance Co. v. Eanes,* 134 Cal.App.3d 566, 572–73, 184 Cal.Rptr. 635, 638–39 (4th Dist.1982); *see also California State Automobile Assoc. v. Superior Court (Godinez),* 177 Cal.App.3d 855, 860–61, 223 Cal.Rptr. 246, 248–49 (3d Dist.1986).

Further, the exclusion does not appear to defeat the reasonable expectations of the average automobile owner. We do not find it unreasonable different insurance provisions will apply in foreign nations than in our own country. Here we have uniform application of laws. Specific rules apply to construction of policies and interpretation of contracts. Our federal system allows parties to litigate with some security in out-of-state forums. Additionally, the various states have adopted similar rules of the road and often have standard enforcement procedures. None of this is necessarily true in a foreign country.

The territorial exclusion is not bizarre or oppressive. It does not eviscerate terms explicitly agreed to. Nor does it eliminate the dominant purpose of the contract. We determine the clause does not defeat the reasonable expectations of the average automobile owner.

Public policy also favors enforcement of the territorial limitation at issue here. There may be higher risks in other nations than here at home. *See Heinrich–Grundy v. Allstate Ins. Co.,* 402 Mass. 810, 814, 525 N.E.2d 651, 654 (1988); *Lavato v. Liberty Mutual Fire Ins. Co.,* 109 Wash.2d 43, 47, 742 P.2d 1242, 1244 (1987). Domestic drivers should not be made to bear the higher cost of insurance necessitated by those few who use their automobile in a foreign territory. *Heinrich–Grundy,* 402 Mass. at 814, 525 N.E.2d at 654; *Lavato,* 109 Wash.2d at 47, 742 P.2d at 1244.

Courts of other jurisdictions have uniformly enforced such territorial restrictions. *Curtis v. Allstate Ins. Co.,* 631 F.2d 79, 80–81 (5th Cir.1980); *Heinrich–Grundy,* 402 Mass. at 812–14, 525 N.E.2d at 653–54; *Lavato,* 109 Wash.2d at 46–47, 742 P.2d at 1243–44; *Godinez,* 177 Cal.App.3d at 859–61, 223 Cal.Rptr. at 248–49; *Eanes,* 134 Cal.App.3d at 572–73, 184 Cal.Rptr. at 638–39 (4th Dist.1982); *Dykeman v. Mission Ins. Co.,* 12 Ariz.App. 432, 432–33, 471 P.2d 317, 317–18 (1970); *see generally* 45 C.J.S. *Insurance* § 892, fn. 58 (1990 supp.); 7 Am.Jur.2d *Automobile Insurance* § 110 (1980). However, it does appear other

courts have not enforced territorial restrictions on specific areas of coverage, when those limitations were more restrictive than on other areas of coverage within the same policy. *See Heinrich–Grundy,* 402 Mass. at 812–13, 525 N.E.2d at 653; *Bartning v. State Farm Fire and Cas. Co.,* 162 Ariz. 48, 48–49, 780 P.2d 1389, 1389–1391 (Ariz. App.1988), *court of appeals vacated and remanded in part, district court aff'd in part,* 162 Ariz. 344, 346–49, 783 P.2d 790, 793–95 (Ariz.1989), *aff'd on remand,* 164 Ariz. 370, 371–72, 793 P.2d 127, 128–29 (Ariz.App.1990). No such inconsistent restrictions are alleged here.

We determine the exclusion provision here was unambiguous. It was clearly written in plain language and easily-read type. It appears to be uniformly applied to all areas of coverage in the policy. Finally, we conclude the exclusion here comports both with the reasonable expectations of the ordinary car owner and with public policy. The parties, upon entering a foreign sovereign nation where the laws of the United States have no application, should have been on notice to inquire about their insurance coverage. We determine the trial court was correct in granting summary judgment. We affirm on this issue.

IV. *Rule 80 Sanctions.*

Grinnell Mutual contends the trial court erred in refusing to assess sanctions against the Werners and their attorney pursuant to Iowa R.Civ.P. 80. In reviewing the case, we believe the Werners' position was at least arguable. Nor does it appear the action was not brought in good faith. We determine the trial court correctly refused to grant Rule 80 sanctions. We affirm on this issue.

We affirm the trial court on all issues. Costs of this appeal are taxed to appellants.

AFFIRMED.