Kristin M. CASHMAN, Appellee,

v.

ECONOMY FIRE & CASUALTY COMPANY, Appellant.

No. 85–5429.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1986.

Decided July 2, 1986.

Scott T. Anderson, Minneapolis, Minn., for appellant.

Stephen J. Smith, Owatonna, Minn., for appellee.

Before HEANEY and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.

PER CURIAM.

Economy Fire and Casualty Company (Economy) appeals from a district court judgment holding that Kristin M. Cashman was insured under policies issued by Economy and awarding Cashman uninsured motorist benefits and prejudgment interest.

On March 15, 1980, Cashman, a passenger in an uninsured vehicle, was injured in an automobile accident in the country of Nigeria. Cashman attempted to recover personal injury protection benefits and uninsured motorist benefits under three insurance policies issued by Economy to Cashman's mother and two brothers. Economy denied her claim, arguing, in part, that the territorial restriction clause in each policy limited coverage to the United States, its territories or possessions, and Canada.

Cashman filed suit in Minnesota district court against Economy. The state court, in its February 27, 1984, Order and Memorandum, denied Economy's motion for summary judgment and held that the territorial restriction clause was contrary to Minnesota's no-fault statute.

Upon removal, the United States District Court for the District of Minnesota, in its Memorandum Order of January 29, 1985, also held that the clause was invalid. It noted that, while at the time of Cashman's accident the Minnesota no-fault statute re-

---

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

quired coverage "[i]f the accident causing injury occurs outside this state," *see* Minn. Stat. § 65B.46(2) (1978), subsequent to the accident the provision was amended to require coverage "[i]f the accident causing injury occurs outside this state in the United States, United States possessions, or Canada." Minn.Stat. § 65B.46(2) (1982). It found that, because Economy was unable to rebut the presumption that the amendment was adopted to change existing law, the statute at the time of the accident required coverage of the accident. It also stated that it could not "completely ignore a considered decision by an experienced Judge more familiar with the insurance laws of Minnesota than this court." Appellant's Appendix at 24. Following a jury trial, the district court awarded Cashman $150,000 in uninsured motorist benefits and $18,863.01 in prejudgment interest. Economy appeals from this judgment.

"In diversity cases, the district court's interpretation of the law of the state in which it sits is entitled to great weight or deference." *Camp v. Commonwealth Land Title Ins. Co.*, 787 F.2d 1258, 1260–61 (8th Cir.1986). The two district court judges involved in this matter, as well as the state court judge, held that the territorial restriction clause was invalid. We accept their interpretation of the law.

Affirmed. *See* 8th Cir.R. 14.