MICHAEL MORRISSEY *vs.* PEERLESS INSURANCE COMPANY & another. June 11, 1987. *Insurance,* Motor vehicle insurance, Uninsured motorist, Regular use exclusion, Construction of policy.

This is the second of two cases we decide today concerning the application

---

[1] Volkswagen of America, Inc.

of a "regular use exclusion" to uninsured motorist coverage. See *Johnson* v. *Hanover Ins. Co., ante* 259 (1987).

The parties have stipulated to the following facts. In 1981, the Peerless Insurance Company (Peerless) issued to the plaintiff the Massachusetts motor vehicle liability insurance policy at issue covering a 1973 Mercedes Benz automobile and a 1980 Volvo automobile owned by him. The policy provided for underinsured coverage limits of $100,000 per person on the Mercedes and $10,000 per person on the Volvo.[1] Part 7 of the policy contained a "regular use exclusion" in the following language: "We will *not* pay to or for . . . (2) Anyone injured while occupying an auto owned or regularly used by you or a household member unless a premium charge for this Part is shown for that auto on your Coverage Selections page."[2] Later in 1981, the plaintiff obtained a separate policy from Peerless covering a 1980 motorcycle he had purchased.[3] The policy contained underinsured motorist benefit limits of $10,000 per person. The motorcycle did not appear on the coverage selection page of the policy insuring the plaintiff's two automobiles. On September 7, 1981, the plaintiff was injured in a collision with an automobile while operating his motorcycle. The plaintiff collected $25,000 under the liability policy covering the other vehicle involved in the accident (the maximum amount available under that policy), and $10,000 under the policy covering the motorcycle. Peerless and the plaintiff have agreed that the further value of his claim is $80,000 and Peerless has paid the plaintiff $25,000 of that amount under the policy at issue. The defendant appeals from the judgment entered by the Superior Court, on cross motions for summary judgment, which ruled that the plaintiff was entitled to recover underinsured motorist benefits of $55,000.

The sole issue presented involves uninsured motorist coverage offered solely at the option of the insurer. For the reasons expressed in *Johnson* v. *Hanover Ins. Co., supra* at 265-266, we agree with Peerless's argument that optional coverage above those amounts, which the insurer was not required to offer, is outside the scope of G. L. c. 175, §§ 113L and 113C, and therefore may be restricted under the terms of the plaintiff's policy. We remand this case to the Superior Court for entry of a judgment declaring that the plaintiff may not recover additional underinsured motorist benefits offered solely at the option of the insurer under the Massachusetts automobile policy issued by the defendant.

*So ordered.*

*D. Alice Olsen* for Peerless Insurance Company.

*Carol C. Kearns* for the plaintiff.

*Norman J. Fine, Steven H. Schafer & Robert V. Costello,* for Massachusetts Academy of Trial Lawyers, amicus curiae, submitted a brief.

---

[1] The coverage selections page of the policy indicates that the uninsured motorist claims coverage (Part 3) premium also included coverage for bodily injury caused by an underinsured auto (Part 7).

[2] The policy defines an "auto" as a "land motor vehicle or trailer."

[3] The policy covering the plaintiff's motorcycle is not at issue in this appeal.