751 P.2d 563

**Joseph A. ROBSON, a single man, Plaintiff/Appellant,**

v.

**The HARTFORD INSURANCE GROUP, a corporation, Defendant/Appellee.**

**No. 2 CA–CV 87–0141.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 10, 1987.

As Amended March 17, 1988.

Review Denied June 24, 1988.

Paul F. Scartezina, Tucson, for plaintiff/appellant.

Mesch, Clark & Rothschild, P.C. by Tom R. Clark, Tucson, for defendant/appellee.

## OPINION

ROLL, Judge.

Plaintiff/Appellant Joseph A. Robson (Robson), filed this appeal following entry of a declaratory judgment in favor of Hartford Insurance Group (Hartford) denying underinsured motorist coverage to Robson for injuries he sustained as a pedestrian in Mexico. We affirm.

### STATEMENT OF FACTS

On September 2, 1983, 24–year–old Joseph A. Robson resided with his parents in Tucson. On that date Robson, Robson's girlfriend Catherine Simbalman, and Simbalman's aunt left Tucson for Cholla Bay in the Republic of Mexico. They were traveling in a truck owned and insured by Simbalman. Several miles past the international border, a tire on Simbalman's truck had a blow out. Robson stopped the truck beside the roadway and began looking for a rock to use for support in changing the tire. While Robson was walking along the two-lane roadway, a truck attempted to pass another vehicle. The truck, driven by a United States citizen named Horan and owned and insured by a woman named Sanderson, partially went off the roadway, striking and seriously injuring Robson.

Robson recovered $15,000 on a liability policy from Horan and Sanderson. He also recovered $25,000 in underinsured motorist coverage from Simbalman. He is attempting to collect $30,000 under a Mexican insurance policy issued to Sanderson.

Robson's parents, Joseph M. and Frances Robson, had an insurance policy with Hartford. Robson did not purchase the policy, never read the policy, and never negotiated for the policy. On October 7, 1985, Robson filed a complaint against Hartford seeking a declaratory judgment that he is entitled to coverage under the underinsured motorist provisions of the Hartford insurance policy issued to Robson's parents. On March 31, 1987, judgment was entered in favor of Hartford.

The personal auto policy issued to Robson's parents specifies the policy period and territory. The insurance policy provides:

This policy applies only to accidents and losses which occur:

1. during the policy period as shown in the Declarations; and

2. within the policy territory.

The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports. (Emphasis in original.)

The personal auto policy also defined the term "your covered auto":

**"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

a. a private passenger auto; or

b. a pickup, panel truck or van.

(Emphasis in original.)

In addition to the personal auto policy, a personal umbrella liability policy was issued which provided for underinsured motorist coverage. This policy stated:

The insurance provided by this endorsement is subject to all the terms, conditions, definitions and exclusions of the **primary policy**. (Emphasis in original.) The insurance issued to Robson's parents included a Mexican endorsement. This Mexican endorsement provided:

> The insurance provided by this policy will apply while **your covered auto** is being used in the Republic of Mexico for no more than 10 days at any one time. However, it shall be excess over any other collectible insurance.
>
> Nothing in this endorsement shall be held to vary, waive, alter, or extend any of the terms, conditions, agreements or declarations of the policy, other than as herein stated.
>
> This endorsement forms a part of the policy, issued by THE HARTFORD INSURANCE GROUP company designated therein, which indicates this endorsement forms a part thereof, and takes effect as of the effective date of said policy. (Emphasis in original.)

The trial court entered declaratory judgment for Hartford. In so ruling, the trial court noted that no insured Robson family vehicle was in Mexico on the date of the accident. The trial court concluded that the Hartford policy excluded underinsured motorist coverage in Mexico, that the exclusion was unambiguous, and that the underinsured motorist exclusion was not beyond the reasonable expectations of the insured.

### APPLICABLE LAW

Robson concedes that the financial responsibility laws do not require that insurance companies provide underinsured motorist coverage in Mexico and that insurance companies may exclude coverage in Mexico. *Transamerica Insurance Company v. McKee*, 27 Ariz.App. 158, 161, 551 P.2d 1324, 1327 (1976).

In the policy before us, with the exception of the Mexican endorsement, coverage is expressly limited to the United States, Puerto Rico, and Canada. In the Mexican endorsement, the policy unambiguously provides that insurance would apply while "your covered auto" is being used in the Republic of Mexico. Both sides acknowledge that Robson was a pedestrian at the time that the accident occurred, immediately before the accident Robson was operating a vehicle owned and insured by Catherine Simbalman, and no covered Robson vehicle was in Mexico. On these facts, we find that the trial court properly granted declaratory judgment in favor of Hartford.

Robson maintains that despite the lack of ambiguity in the Mexican endorsement, he is entitled to declaratory judgment based upon *Darner Motor Sales, Inc. v. Universal Underwriter Insurance Company*, 140 Ariz. 383, 682 P.2d 388 (1984) and *Gordinier v. Aetna Casualty & Surety Company*, 154 Ariz. 266, 742 P.2d 277 (1987). We disagree. *Gordinier* and *Darner* do not afford Robson relief. No reasonable person would have entertained the belief that he was covered under this policy unless he was using a covered automobile. In view of the express language contained in the territorial limits of the policy, no reasonable expectation was created that coverage in the Republic of Mexico created by the Mexican endorsement was coextensive with United States coverage. The language of the Mexican endorsement is sufficiently clear to be read and understood by the insured as excluding coverage in the case before us. *State Farm. Mutual Auto Ins. Co. v. Bogart*, 149 Ariz. 145, 717 P.2d 449 (1986).

We affirm.

LIVERMORE, P.J., and FERNANDEZ, J., concur.