LAURA HEINRICH-GRUNDY & another[1] *vs.* ALLSTATE
INSURANCE COMPANY.

Essex. April 6, 1988. — July 12, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Insurance,* Motor vehicle insurance, Uninsured motorist, Construction of
policy.

A general term in a policy of motor vehicle insurance, applicable to the entire
policy, which expressly and unambiguously excluded coverage of acci-
dents and losses occurring outside the United States and Canada was
valid and enforceable as applied to the uninsured motorist coverage
required by G. L. c. 175, § 113L. [811-814]

CIVIL ACTION commenced in the Superior Court Department
on October 27, 1986.

A motion to dismiss was heard by *John P. Forte,* J., sitting
under statutory authority.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Michael P. Hickey* for the plaintiffs.

*Mary Holland Harvey* for the defendant.

HENNESSEY, C.J. The plaintiff Laura Heinrich-Grundy was
injured in a motor vehicle accident in Nassau, Bahamas. At
the time of the accident, she was a passenger, and neither of
the involved vehicles carried insurance which could compen-
sate her for her injuries. She filed a claim to recover for her
damages under the uninsured motorist and medical payments
provisions of her Massachusetts automobile insurance policy
issued by the defendant. The defendant rejected this claim,
based on a policy term that excludes coverage for accidents
and losses occurring outside the United States and Canada (the

---

[1] Henry Grundy, her husband, who claims damages for loss of consortium.

territorial restriction). The plaintiffs sued the defendant to re-
cover under the policy. A judge of the Superior Court allowed
the defendant's motion to dismiss the plaintiffs' action for
failure to state a claim on which relief may be granted, see
Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and the
plaintiffs appealed. We took the case on our own motion, and
now affirm.

The territorial restriction explicitly and unambiguously
excludes coverage for accidents and losses occurring outside
the United States and Canada.[2] The plaintiffs do not dispute
this. Rather, they contend that, as applied to uninsured motorist
coverage,[3] the territorial restriction is invalid and unenforceable
because it is contrary to the language and policy of the statute
that requires insurers to provide such coverage, G. L. c. 175,
§ 113L (1986 ed.). "[N]o matter how explicit the exclusionary
language may be, it cannot prevail if it is contrary to the statu-
tory language or the legislative policy of G. L. c. 175, § 113L."
*Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 453 (1985). Our
inquiry, then, is whether the defendant has, by reason of the
territorial restriction, attempted to confine its liability within
limits narrower than the Legislature intended.

---

[2] The territorial restriction appears in a section of the policy entitled
"General Provisions and Exclusions," and provides that "Compulsory Bodily
Injury to Others (Part 1) only covers accidents in Massachusetts. All the
other Parts provide coverage for accidents and losses which happen in the
United States or Canada. We consider United States territories and posses-
sions and Puerto Rico to be part of the United States. We will pay for
accidents and losses which happen while your auto is being transported
between ports of the United States and Canada. Your auto is *not* covered
in any other country" (emphasis in original).

[3] The plaintiffs also challenge the application of the territorial restriction
to the medical payments provision of the policy, on similar arguments based
on G. L. c. 175, § 11C (1986 ed.). Unlike uninsured motorist coverage,
however, medical payments coverage is not compulsory, but may be pro-
vided, or not, at the insurer's option. See *id*. The terms and conditions on
which such optional coverage may be offered are entirely a matter of con-
tract. See *Morrissey* v. *Peerless Ins. Co.*, 400 Mass. 1003, 1004 (1987);
*Johnson* v. *Hanover Ins. Co.*, 400 Mass. 259, 265-266 (1987); *Thomas* v.
*Hartford Accident & Indem. Co.*, 398 Mass. 782 (1986); *Lumbermens Mut.
Casualty Co.* v. *DeCenzo*, 396 Mass. 692 (1986).

The plaintiffs rely on our decisions in *Cardin, supra,* and *Surrey* v. *Lumbermens Mut. Casualty Co.,* 384 Mass. 171 (1981). They particularly emphasize certain broad dicta in *Cardin,* such as the statement that "any policy exclusion to uninsured motorist coverage is unenforceable in light of the Legislature's decision not to sanction such exclusions in the statute." *Cardin, supra* at 457. We have previously cautioned, however, that *Cardin*'s reference to "any exclusion" must be interpreted in light of the facts of that case. *Johnson* v. *Hanover Ins. Co.,* 400 Mass. 259, 264 n.8 (1987). See *Morrissey* v. *Peerless Ins. Co.,* 400 Mass. 1003, 1004 (1987); *Lumbermens Mut. Casualty Co.* v. *DeCenzo,* 396 Mass. 692, 694-695 (1986). Both *Cardin* and *Surrey* involved policy exclusions which applied only to the uninsured motorist coverage provisions of the policies, and not to the policy as a whole. In this case, however, the challenged territorial restriction is a general condition of coverage, applicable to the entire insurance policy.

General Laws c. 175, § 113L, requires that automobile insurance policies issued or delivered in Massachusetts provide uninsured motorist coverage "in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter." The apparent legislative intent is to establish parity between uninsured motorist coverage and liability coverage. Where we have invalidated exclusions to uninsured motorist coverage, it has been because the insurer attempted to impose restrictions on uninsured motorist coverage which did not apply to the liability coverage under its policy. In *Surrey* we invalidated a provision excluding uninsured motorist coverage where there was no physical contact with the uninsured automobile. In *Cardin,* we invalidated a "regular use" exclusion to uninsured motorist coverage. See also *Johnson, supra* at 260-264. In each of these cases, the challenged exclusion applied solely and exclusively to the uninsured motorist coverage provision of the policy, and restricted that coverage within limits narrower than those applicable to liability coverage under the policy.

Other courts that have considered this issue have also found critical the distinction between general conditions of coverage applicable to the entire policy, and specific exclusions appli-

cable only to uninsured motorist coverage, and have upheld territorial restrictions on uninsured motorist coverage where, as here, those limitations were no greater than those on liability coverage. See, e.g., *Curtis* v. *Allstate Ins. Co.*, 473 F. Supp. 315 (E.D. La. 1979), aff'd, 631 F.2d 79 (5th Cir. 1980); *Robles* v. *California State Auto Ass'n*, 79 Cal. App. 3d 602, 609-610 (1978); *Mission Ins. Co.* v. *Brown*, 63 Cal. 2d 508, 510 (1965); *Fischer* v. *State Farm Mut. Auto. Ins. Co.*, 495 So. 2d 909, 910 (Fla. Dist. Ct. App. 1986); *State Farm Auto. Ins. Co.* v. *Cabuzzi*, 123 N.H. 451 (1983); *Marchant* v. *South Carolina Ins. Co.*, 281 S.C. 585 (1984); *Lovato* v. *Liberty Mut. Fire Ins. Co.*, 109 Wash. 2d 43 (1987). Also upholding territorial restrictions on uninsured motorist coverage, although on different grounds, are *Robson* v. *Hartford Ins. Group*, 156 Ariz. 247 (Ariz. App. 1987); *Transamerica Ins. Co.* v. *McKee*, 27 Ariz. App. 158 (1976); *Kvalheim* v. *Farm Bureau Mut. Ins. Co.*, 195 N.W. 2d 726 (Iowa 1972); and *American Casualty Co.* v. *Foster*, 31 Misc.2d 818 (N.Y. Sup. Ct. 1961). But see *Cashman* v. *Economy Fire & Casualty Co.*, 795 F.2d 50 (8th Cir. 1986) (Minnesota law); *Serefeas* v. *Nationwide Ins. Co.*, 338 Pa. Super. 587 (1985); *Gerardi* v. *Harleysville Ins. Co.*, 293 Pa. Super. 375 (1981). We note that the *Cashman* court was construing a statute that was amended subsequent to the accident at issue in that case, and that the result would be different under the statute as amended. See *Cashman*, *supra* at 50-51. We distinguish the cases from the Superior Court of Pennsylvania on the ground that the governing statutes construed in those cases differ significantly from G. L. c. 175, § 113L. In *Gerardi*, the court construed a statute which listed specific exceptions to mandatory coverage, and applied the "elementary rule of statutory construction that '[e]xceptions expressed in a statute shall be construed to exclude all others.'" *Id.* at 378. Similarly, in *Serefeas*, the court construed a statute which specifically distinguished between accidents occurring within, and without, the Commonwealth of Pennsylvania, and established different criteria for recovery for each class of accident. Arguably, this legislative scheme impliedly proscribed further classification of accidents by reason of the place of their occurrence.

We conclude, therefore, that the Legislature did not intend to proscribe territorial restrictions on compulsory uninsured motorist coverage that are coextensive with valid territorial restrictions on liability coverage. We add that we think this result is in accordance with good public policy. There are good reasons for insurers to limit their liability for losses caused by uninsured motorists in foreign countries. "Insurers providing uninsured motorists coverage must base their rates on the risk that the insured will be struck by an uninsured vehicle. It is certainly rational to exclude countries where the number of uninsured motorists is unknown or so high as to make coverage impractical." *Curtis, supra* at 317. Moreover, those motorists who do not engage in frequent foreign travel should not be required to subsidize, by reason of higher rates, the additional costs of quantifying and underwriting this risk.

*Judgment affirmed.*