# RESCRIPT OPINIONS.

EDWARD T. WINCEK *vs*. UNITED STATES FIDELITY AND GUARANTY COMPANY. NO. 88-P-292. NOVEMBER 2, 1989. *Insurance*, Motor vehicle insurance, Underinsured motorist.

After the plaintiff settled his bodily injury claim for the applicable limit of the at-fault motorist's insurance policy, he sought payment of the under-insurance benefits provided for on three policies issued him by the defendant insurer. The insurer paid on the policy providing the highest amount, $100,000, and relied upon an anti-stacking clause in each of the policies to refuse further payments of $20,000 and $10,000. On the plaintiff's complaint for declaratory relief, a Superior Court judge concluded that the anti-stacking clause was unenforceable as to coverage mandated by statute and that because neither of the policies at issue provided for benefits offered strictly at the option of the insurer, the plaintiff could recover on those policies. We affirm.

As set out in G. L. c. 90, § 34A, as amended through St. 1979, c. 611, §§ 1 & 2, underinsured benefits in the amount of $10,000 per person, $20,000 per accident, are compulsory. Further, G. L. c. 175, c. 113C, as amended through St. 1983, c. 413, § 12, read with § 113L, requires insurers to offer additional underinsured motorist coverage of $15,000 per person and $40,000 per accident. The accident in which the plaintiff was seriously injured occurred in 1985.

Each of the three policies issued to the plaintiff provides: "You may have two or more auto policies with us covering the same claim. In that case, the most we will pay is the highest amount payable under the applicable coverage in any one of those policies." The insurer recognizes that any exclusionary clause in an insurance policy which conflicts with the language and legislative purpose of G. L. c. 175, § 113C and § 113L, will be invalid and unenforceable no matter how clear and unambiguous the clause may be. See *Cardin* v. *Royal Ins. Co. of America*, 394 Mass. 450, 453 (1985); *Johnson* v. *Hanover Ins. Co.*, 400 Mass. 259, 264-265 (1987).

Claiming that *Morrissey* v. *Peerless Ins. Co.*, 400 Mass. 1003, 1004 (1987), supports its position, the insurer argues that the exclusion does not conflict with the coverage mandated by the statutes where the "highest limit applicable in one of the policies is greater than the *sum* of the coverage mandated by statute" (emphasis supplied). In *Morrissey*, however, only one of the two policies identified on the coverage selection page the motorcycle which the plaintiff was driving when injured. In Morrissey, however, only one of the two policies identified on the coverage selection page the motorcycle which the plaintiff was driving when injured. The plaintiff recovered the full amount of his underinsured benefits ($10,000)

on the policy covering the motorcycle, and $25,000 of the $100,000 under-insured benefits provided for in the second policy which covered two other automobiles owned by him. The court upheld the exclusion there in issue as the clause restricted optional coverage above the amount required to be offered under G. L. c. 175, § 113C and § 113L. *Ibid.* We think it impor-tant to note, however, that in *Morrissey* the plaintiff did recover underin-sured benefits on both of the policies and that the optional coverage which was validly restricted was provided by the policy covering the plaintiff's other vehicles.

Enforcement of the exclusion in the present case would leave the plain-tiff with two policies providing no underinsured motorist coverage. Such a result is contrary to the express language of § 113L, which speaks to the coverage to be provided in each policy. "The statutory language unequivo-cally commands that no policy shall be issued without . . . [under]insured motorist coverage. The only limits on this coverage which the statute com-prehends are that the insured be legally entitled to recover damages, that the tortfeasor be uninsured or underinsured, and that payment not exceed the monetary limit of the insured's policy." *Cardin* v. *Royal Ins. Co. of America, Inc.*, 394 Mass. at 455.

Although the plaintiff was not allowed to "stack" the underinsured cov-erage provided each of three vehicles under a single policy in *Lecuyer* v. *Metropolitan Property & Liab. Ins. Co.*, 401 Mass. 709, 711 (1988), the court agreed that if each vehicle had had a separate policy, the plaintiff would have been entitled to recover as to each vehicle: "As to underin-surance limits which must be carried . . . [citations omitted] and as to such limits which must be offered and are accepted . . . [citations omit-ted] we would reject as contrary to the language and policy of § 113L any attempt in any policy to limit available coverage to that provided by just one of two or more applicable policies. See *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 456-457 (1985)." The exclusion at issue in the present case goes beyond the limitations permitted by § 113L, which requires that un-derinsured coverage "be made available on the basis of *each* policy and not on the basis of each vehicle covered under a policy" (emphasis added). *Lecuyer, supra* at 712.

As neither of the two policies in issue provides the plaintiffs with under-insured coverage in an amount in excess of what the insurer is required to provide and offer (compare *Johnson* v. *Hanover Ins. Co., supra*, with *Mor-rissey* v. *Peerless Ins. Co., supra*), the plaintiff is entitled to recover under both policies.

*Judgment affirmed.*

*Kevin D. Withers* for the defendant.

*Richard F. Faille* for the plaintiff.