BRIAN RILEY & others[1] *vs.* AETNA LIFE AND CASUALTY COMPANY. No. 90-P-87. August 6, 1991. *Insurance*, Motor vehicle insurance, Uninsured motorist, Construction of policy.

On opposing motions for summary judgment, a Superior Court judge ruled that the plaintiffs might not collect to the full limit of the optional uninsured motorist coverage in each of two Aetna Life and Casualty Company (Aetna) motor vehicle liability policies which named Douglas Riley as an insured. The case presents another variation of the question whether claimants against a policy may "stack" uninsured or underinsured motorist coverage in separate policies, an issue discussed in cases such as: *Cardin* v.

---

[1]Douglas Riley and Colleen Riley.

*Royal Ins. Co. of America*, 394 Mass. 450 (1985); *Lumbermens Mut. Ins. Co.* v. *DeCenzo*, 396 Mass. 692 (1986); *Johnson* v. *Hanover Ins. Co.*, 400 Mass. 259 (1987); *LeCuyer* v. *Metropolitan Property & Liab. Ins. Co.*, 401 Mass. 709 (1988); *Santos* v. *Lumbermens Mut. Cas. Co.*, 408 Mass. 70 (1990), and *Wincek* v. *United States Fid. & Guar. Co.*, 28 Mass. App. Ct. 901, 902 (1989).

Brian Riley is the injured party. He was hurt July 30, 1986, and lost the sight of one eye when struck by something thrown up by, flung from, or protruding from an oncoming truck. That truck did not stop and was never identified. Brian, who was nineteen at the time of the accident, lived in the same household as his father, Douglas, and a sister, Colleen. On the first of the two Aetna policies, Douglas alone was the insured; on the second, which was for another car, Douglas and Colleen were the insured. The first (Douglas only) policy ran for calender year 1986; the second policy ran from June 16, 1986 to June 16, 1987. Each policy provided insurance coverage of $100,000 per person for bodily injury caused by an uninsured auto, over compulsory limits of $10,000; i.e., in each policy $90,000 of the uninsured auto coverage was optional. Both policies (written in the statutory [G. L. c. 175, § 2B] plain-talk style) provide: "You may have two or more auto policies with us covering the same claim. In that case, the most we will pay is the highest amount payable under the applicable coverage in any one of those policies." Aetna has agreed to pay $100,000 on the Douglas policy and $25,000 on the Colleen and Douglas policy.[2]

Similar, though not identical, facts were involved in *Santos* v. *Lumbermens Mut. Cas. Co*, 408 Mass. at 72-74. In that case a child of the Santos family was fatally injured by an underinsured motorist. The child's father had a policy on his automobile with $100,000 in underinsured motorist coverage, and the child's mother had a separate policy on her car, also with $100,000 underinsured motorist coverage, with the same insurer. The court concluded that the word "you" in the anti-stacking clause (identical to that quoted above) unambiguously meant the named insured. As the mother and father, although in the same household, were different people, the limitation on the amount payable did not apply. Accordingly, both policies could be reached for the benefit of the injured person. The case before

---

[2]That is a much simplified statement of the settlement between the Riley family and Aetna, which provided in part for annual payments to Brian during his lifetime, i.e., it was a structured settlement. Although the release reproduced in the record appendix does not mention it, the parties agree that the settlement agreement reserved to the Rileys the right to litigate whether they had any further rights under the Colleen and Douglas policy. Aetna acknowledged an obligation to pay $25,000 under the 1986 Douglas and Colleen policy as then required by the combination of G. L. c. 175, § 113C, as amended through St. 1983, c. 241, § 12 and G. L. c. 175, § 113L, as amended through St. 1980, c. 532, § 1. See *Santos* v. *Lumbermens Mut. Ins. Co.*, 408 Mass. at 74 n.4.

us is different only in that Douglas is a part owner of the Douglas and Colleen policy. Following the reasoning of *Santos*, we think that a person to whom a policy is issued in that person's sole name is not to be considered the "you," i.e., the same named insured (for purposes of the anti-stacking clause), as to another policy, insuring a different vehicle, issued to that person as a joint owner of the different vehicle. Douglas does not own two or more policies with Aetna; he owns one and a fraction. Brian, therefore, is entitled to recover up to $75,000 on the unpaid portion of the Colleen and Douglas policy.

The complaint contains a claim under c. 93A. There is no justification for this. How to apply the anti-stacking provisions has been a vexing question and the subject of a considerable number of cases. Indeed, the Legislature, by St. 1988, c. 273, §§ 47, 77, effective as to policies issued or renewed after January 1, 1989, provided that the limits of liability of two or more policies shall not be added together, i.e., shall not be stacked, to determine the limits of insurance coverage. In the circumstances, Aetna conducted itself reasonably, and not in an unfair or deceptive manner, by declining to offer the full proceeds until the question had been resolved.

The judgment is reversed and the case is remanded to the Superior Court for a determination of the damages, if any, payable to Brian from what we have referred to as the Douglas and Colleen or second policy.

*So ordered.*

*Philip N. Beauregard* for the plaintiffs.
*Karen M. Logozzo* for the defendant.