NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11706

COMMERCE INSURANCE CO., INC.  vs.  VITTORIO GENTILE & others.[1]

September 16, 2015.

Insurance, Motor vehicle insurance, Coverage, Misrepresentation.
    Motor Vehicle, Insurance, Permission to operate.  Contract,
    Insurance.  Practice, Civil, Summary judgment.

        This case concerns the obligation of Commerce Insurance Company (Commerce) to pay optional bodily injury benefits under a standard Massachusetts automobile insurance policy.  The defendants Vittorio and Lydia Gentile (Gentiles) were the policyholders, and their grandson Vittorio Gentile, Jr. (Junior), was an "excluded operator" under the policy.  While operating one of the Gentiles' vehicles covered by the policy, Junior caused an accident that seriously injured Douglas and Joseph Homsi (Homsis).[2,3]  Commerce sought a judgment declaring that the Gentiles' violation of the operator exclusion form

_____

    [1] Lydia Gentile; Vittorio C. Gentile, Jr. (Junior); Janice Silverio, as temporary guardian of Douglas Homsi; and Joseph Homsi.

    [2] In a separate criminal case arising from the same events, Junior pleaded guilty to negligent operation of a motor vehicle.

    [3] In a separate negligence action also arising from these events, the Homsis obtained a favorable judgment against Vittorio and Lydia Gentile (Gentiles), which was modified and affirmed by the Appeals Court in an unpublished opinion issued pursuant to its rule 1:28.  See Silverio v. Gentile, 86 Mass. App. Ct. 1121 (2014).

relieved it of any duty to pay the Homsis under the optional bodily injury provisions of the insurance contract.[4]  A Superior Court judge ruled that the Gentiles had violated their duty of "continuing representation" (as to whether Junior was in fact operating their vehicles), and therefore, Commerce was relieved of its duty to pay the optional coverage for the Homsis' injuries.  The Appeals Court affirmed the judgment on that basis and on the basis that the Gentiles had committed a breach of the insurance contract.  Commerce Ins. Co. v. Gentile, 85 Mass. App. Ct. 67 (2014).  We granted further appellate review.

Facts.  The Gentiles purchased through Commerce the standard Massachusetts automobile insurance policy, seventh edition, which was approved by the Commissioner of Insurance (commissioner).  The policy insured both the Gentiles and their vehicles.  A section of the policy titled "Our Agreement" provided that "[t]his policy is a legal contract under Massachusetts law."  It stated further that "[o]ur contract consists of this policy, the Coverage Selections Page, any endorsements agreed upon, and your application for insurance."  The policy included a separate operator exclusion form, which also was approved by the commissioner.

In 2004, after receiving advice from the insurance agent that their premium would be significantly higher if Junior operated their vehicles, Lydia, as the "[p]olicyholder", and Junior as the "[e]xcluded [o]perator" both executed the operator exclusion form.  The form stated that Junior would not operate the Gentiles' insured vehicles:  "It is agreed that the person named below [i.e., Junior] will not operate the vehicle(s) described below, or any replacement thereof, under any circumstances whatsoever."  Another provision of the form allowed that if the policyholder, or anyone acting on the policyholder's behalf, provided any "false, deceptive, misleading or incomplete information in any application or policy change request," Commerce "may refuse to pay claims under any or all of the Optional Insurance Parts of this policy."  Essentially identical language was included in the general policy provisions.

---

[4] Commerce Insurance Company (Commerce) paid the compulsory coverage for bodily injury but denied the optional bodily injury coverage.

With the subsequent renewals of the policy, including the renewal in 2006, which was in effect when the accident occurred, the declarations page identified Junior as having a status of "E" for excluded. By excluding Junior based on his prior driving experience and record, Commerce decreased its risk of loss, and the Gentiles, in exchange, paid lower premiums for the policy and its successive renewals.[5]

Discussion. An insurance policy is a contractual agreement between the insurer and insured. G. L. c. 175, § 2. In addition to the policy itself, an insurance contract also includes commissioner-approved forms, such as the operator exclusion form that is at issue in the present case. See G. L. c. 175, § 192 ("All provisions of law relative to the filing of policy forms with, and the approval of such forms by, the commissioner shall also apply to all forms of riders, endorsements and applications designed to be attached to such policy forms and when so attached to constitute a part of the contract").

In interpreting exclusionary language in an insurance policy, the reviewing court typically considers whether the exclusion is contrary to any statutory language or legislative policy. Heinrich-Grundy v. Allstate Ins. Co., 402 Mass. 810, 811 (1988). At issue here is the relationship between the exclusionary language and the terms and conditions of the optional bodily injury coverage; that relationship is entirely a matter of contract. See id. at 811 n.3 (collecting cases). Where we are interpreting language in a standard Massachusetts automobile insurance policy approved by the commissioner, we construe the language in "its usual and ordinary sense" and relinquish the rule of construction that requires ambiguities to be resolved against the insurer. See Chenard v. Commerce Ins. Co., 440 Mass. 444, 445-446 (2003).

By executing the operator exclusion form, the Gentiles specifically agreed that Junior would not operate the insured motor vehicle "under any circumstances whatsoever." By allowing Junior to operate their vehicle, or by not preventing him from doing so, the Gentiles committed a breach of this material term of their insurance contract with Commerce. As a result of this breach, the Gentiles relieved Commerce of a duty to pay the

---

[5] According to Commerce's underwriter, the Gentiles' premium would have increased by $929 for the policy that was in effect at the time of the accident.

optional coverage for bodily injury.  On this basis, the judgment of the Superior Court is affirmed.

The Homsis did not raise timely, and therefore waived, various claims that the operator's exclusion was not a valid term of Commerce's insurance contract with the Gentiles.  They claim, for example, that the operator's exclusion was not part of the initial insurance policy where one, and not both insureds, executed the form;[6] was immaterial to the insurer's calculation of the risk of loss and rate of premium;[7] and that it was not part of the renewed policy that was in effect at the time of the accident.[8]  We do not decide these issues.

The Homsis also argue that the operator's exclusion does not limit coverage for optional bodily injury, although they accept that it limits other forms of optional insurance

_____

[6] On this point, the Appeals Court reasonably concluded that the operator exclusion would not be invalid in circumstances where Lydia signed the operator exclusion form, but Vittorio Gentile did not, given that the Gentiles jointly owned the vehicle that was involved in the accident and insured it through Commerce, and both were identified as policyholders:  Vittorio was the named insured on the policy, and Lydia was the "[p]olicyholder" on the operator exclusion form.  See Commerce Ins. Co. v. Gentile, 85 Mass. App. Ct. 67, 71 n.6 (2014).

[7] In addition to not preserving this claim, the Homsis agreed with Commerce's assertion that, if the Gentiles did not exclude Junior, it would have calculated significantly higher premiums for the Gentiles.

[8] There is support in the record that Commerce and the Gentiles agreed to exclude Junior as an operator when it renewed the policy that was in effect at the time of the accident. Commerce automatically renewed the policy and operator exclusion form without any changes to the exclusion of Junior.  It provided notice to the Gentiles on the declarations page that Junior was an excluded operator, and charged them a lower premium for his exclusion.  When the policy was renewed, the Gentiles did not object to the exclusion of Junior.  See Epstein v. Northwestern Nat'l Ins. Co., 267 Mass. 571, 574-575 (1929) ("[I]nsured is presumed to have assented to the terms of [a] new policy if it is retained without reading or read without complaint and rejection").

coverage, i.e., collision and limited collision.  The Homsis, however, have failed to demonstrate that the operator's exclusion did not apply to optional bodily injury coverage.  The form does not contain any express provisions that limit the operator's exclusion to particular types of optional coverage. It unequivocally states:  "It is agreed that the person named below [i.e., Junior] will not operate the vehicle(s) described below, or any replacement thereof, under any circumstances whatsoever."  By approving the supplemental operator exclusion form, the commissioner appears to have allowed insurers to exclude named operators from being covered under the standard automobile insurance policy.  See Chenard v. Commerce Ins. Co., supra at 449 n.6.

As stated previously, we affirm the judgment in this case on the ground that the Gentiles committed a breach of a material term of the insurance contract.  It is therefore unnecessary for us to decide whether the Gentiles also committed a breach of a duty of "continuing representation," as the Appeals Court held. Gentile, 85 Mass. App. Ct. at 72-73.  Under common-law principles and G. L. c. 175, § 186,[9] when an insured makes a material misrepresentation during the application or renewal period for an insurance policy, the insurer may be able to deny coverage on that basis.  See Barnstable County Ins. Co. v. Gale, 425 Mass. 126, 128 (1997) (recognizing that § 186 "is declaratory of long-standing common law principles defining the sort of false representations that can serve to avoid an insurance policy"); Hanover Ins. Co. v. Leeds, 42 Mass. App. Ct. 54, 57 (1997) ("Statements made in an application for insurance are in the nature of continuing representations and speak from the time the application is accepted or the policy is issued" [citations omitted]).

Here, the Appeals Court appears to have concluded that this duty extends into the coverage period.  See Gentile, 85 Mass.

---

[9] General Laws c. 175, § 186 (a), provides:

"No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

App. Ct. at 72 ("[A]n insured, <u>at a minimum</u>, has a duty to inform the company of a material change during the application period.  It does not relieve the policyholder of a duty to do the same during the coverage period").  Such an application of the duty would seem to impose on an insured the responsibility to identify any changes occurring during the coverage period that are material to the insurer's risk of loss, and to notify the insurer accordingly.  We leave for another day the issue whether the duty of continuing representation applies <u>within</u> the coverage period.  In this highly regulated area, any expansion of the insured's duties under a standard automobile insurance policy might be better left to the Division of Insurance.[10]

<u>Judgment affirmed</u>.


<u>Brian P. Burke</u> for the defendants.
<u>Richard R. Eurich</u> (<u>John P. Graceffa</u> with him) for the plaintiff.
<u>Charlotte E. Glinka, J. Michael Conley, & Thomas R. Murphy</u> for Massachusetts Academy of Trial Attorneys, amicus curiae, submitted a brief.
<u>E. Michael Sloman</u>, for Automobile Insurers Bureau, amicus curiae, submitted a brief.

---

[10] Although inapplicable to present case, it appears that a later version of the Massachusetts automobile insurance policy approved by the Commissioner of Insurance includes a provision requiring an insured to notify the insurer of certain material changes during the policy period:  "You must inform us of any changes which may have a material effect on your insurance coverage or premium charges, including the . . . individuals who customarily operate your auto."